IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARILUS MERA,

    Plaintiff,

v.                              Case No.:

PEPSICO, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Bottling Group, LLC[1] ("Bottling Group" or "Defendant"), hereby respectfully removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. As grounds for such removal, Bottling Group states:

    **1.**     **State Court Action**

On October 26, 2021, Plaintiff Charilus Mera ("Plaintiff" or "Mera") filed his Complaint against Defendant in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, styled *Charilus Mera v. PepsiCo,*

---

[1] Defendant PepsiCo, Inc. has been improperly named. Plaintiff's employer was, at all material times, Bottling Group, LLC. This Notice is being submitted on behalf of the correctly named employer, Bottling Group, LLC and all references to "Defendant" herein are on behalf of Bottling Group, LLC.

*Inc.,* Case No. 2021-CA-010322-O (the "State Court Action"). (*See* **Exhibit A**, Complaint and Demand for Jury Trial.) However, Plaintiff did not effectuate service of process of his Complaint upon Defendant until February 3, 2022. (*See* **Exhibit B**, Acceptance and Waiver of Service of Process by Sheriff.)

### 2. Nature of The Action in Plaintiff's Complaint and Demand for Jury Trial

In his Complaint, Plaintiff asserts claims stemming from Plaintiff's employment with Bottling Group. Specifically, Plaintiff alleges national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §760.10 *et seq.* ("FCRA"). (**Exhibit A**, Complaint and Demand for Jury Trial.)

### 3. Removal of State Court Actions – Federal Question & Supplemental Jurisdiction

This action presents a federal question under Title VII. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This action is removable pursuant to 28 U.S.C. § 1441(a) because the district court has original jurisdiction over the Title VII claim under 28 U.S.C. § 1331 (federal question).

Further, Plaintiff's FCRA and Title VII claims arise out of his employment with Defendant and are so related that they form part of the same case or controversy. Accordingly, this Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367(a), and removal of all claims is therefore proper.

4. **Venue**

28 U.S.C. § 1441(a) provides that removal must be made to the district court division embracing the place where such action is pending. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 692 (2003). This action is currently pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. Accordingly, venue properly lies in this Court, the Orlando Division of the Middle District of Florida, for purposes of removal under 28 U.S.C. §§ 1441(a), 1332 and Rules 1.02(b)(3) and 1.06 of the Local Rules of the United States District Court for the Middle District of Florida.

5. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because thirty (30) days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant Bottling Group was served on February 3, 2022, via an Acceptance and Waiver of Service of Process by Sheriff, which is less than thirty (30) days from the date this removal notice

was filed.[2] (*See* **Exhibit B**, Acceptance and Waiver of Service of Process by Sheriff.) Accordingly, this removal is timely.

### 6. State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all process, pleadings, orders, and other papers currently on file in the state court action are attached hereto as **Exhibit C**.

### 7. Notice to State Court and Plaintiff

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiff, the only adverse party, and will also file a Notice of Filing this Notice of Removal with the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, a copy of which is attached hereto. (*See* **Exhibit D**, Notice of Filing Notice of Removal.)

WHEREFORE, on the foregoing basis, Defendant Bottling Group, LLC respectfully submits that removal of this action from the Circuit Court for the

---

[2] *See, e.g., Brown v. Macon-Bibb Cty. Planning & Zoning Comm'n*, No. CIVA 507-CV-00161-HL, 2007 WL 2212659, at *1 (M.D. Ga. Jul. 30, 2007) (finding 30 day period began to run upon the defendant's execution of a waiver of service, not upon receipt of the request for waiver of service); *Littlewalker v. MMR Constructors, Inc.*, No. 3:10-cv-213-HLA-JRK, 2010 WL 11623417, at *1 (M.D. Fla. Jun. 29, 2010) (declining to remand because 30-day window for removal began once defendant was formally served, not upon receipt of complaint and waiver of service).

Ninth Judicial Circuit in and for Orange County, Florida to this Court is proper.

        Respectfully submitted,

        FORD HARRISON LLP

By: /s/ *Dawn Siler-Nixon*
    Dawn Siler-Nixon
    Florida Bar No. 993360
    dnixon@fordharrison.com
    Daniel K. Miles
    Florida Bar No. 119930
    dmiles@fordharrison.com

    For the firm

    101 East Kennedy Boulevard
    Suite 900
    Tampa, Florida 33602-5133
    Telephone: (813) 261-7800
    Facsimile: (813) 261-7899

    Attorneys for Defendant Bottling Group, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Bradley A. Tobin, Esq.
TOBIN LAW GROUP, PL
13043 West Linebaugh Ave.
Tampa, Florida 33626
btobin@tobinlawgroup.com

/s/ *Dawn Siler-Nixon*
Attorney

WSACTIVELLP:12952734.1