**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHARILUS MERA,**

      **Plaintiff,**                           **CASE NO.:  6:22-cv-00475-PGB-LHP**

**v.**

**PEPSICO, INC.,**

      **Defendant.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHARILUS MERA ("Mera" or "Plaintiff"), by and through the undersigned counsel, does bring this civil action against Defendant, PEPSICO, INC., ("PepsiCo" or "Defendant"), asserting claims for national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and the Florida Civil Rights Act of 1992, §760.10 et seq. ("FCRA") and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages the value of which exceeds $30,000, exclusive of pre-judgment interest, costs, and attorney's fees.

2. Plaintiff, Mera, was a resident and citizen of Orange County, Florida at all times material to this action.

3. Defendant is a global food and beverage manufacturing company that operates a production facility, among other things, in Orange County, Florida, at all times material to this action.

4. Plaintiff Mera is originally from Haiti and of African descent and was formerly employed by Defendant for over ten (10) years until his termination in December of 2020.

5. Defendant was Plaintiff's employer within the meaning of Title VII and the FCRA at all times material to this action.

6. Mera performed his job duties on Defendant's behalf from its facility located in Orange County, Florida at all times pertinent to Plaintiff's claims and Plaintiff's claims arise from conduct engaged in by Defendant that occurred in Orange County, Florida.

7. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including filing charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), receiving right to sue notices and timely filing this action.

## FACTUAL BACKGROUND

8. Mera was formerly employed by Defendant at its bottling facility located in Orlando, Florida, providing related employment services.

9. During his employment Mera was well regarded in the performance of his job duties on behalf of Defendant.

10. Sometime prior to 2019, Mera's work environment began to deteriorate after a change in management occurred at the facility in which he worked.

11. Where initially he had enjoyed his work environment, things began to change for Mera wherein he was subjected to disparate treatment with regard to the terms and conditions of his employment when compared to his non-Haitian coworkers.

12. Specifically, Mera was discriminated against with regard to the tasks he was assigned, the hours he was made to work, as well as the opportunities that Plaintiff had for promotions and advancement professionally with the Defendant employer.

13. Reflecting such disparate treatment is that Mera applied for numerous job positions with Defendant but did not obtain any such position. On a number of occasions Mera was denied such promotional opportunities in favor of employees that were not as qualified as the Plaintiff with regard to experience, length of time with the Defendant employer and/or seniority within Defendant's system. On a number of occasions such less qualified employees were promoted over Mera, when the Plaintiff had actually trained them.

14. Likewise, Defendant failed to even post or provide notice to Plaintiff and other employees regarding some of the promotional opportunities when giving such positions to lesser qualified individuals.

15. Mera overtly complained to Defendant's managers and human resource's department with regard to such discriminatory and inequitable practices. Unfortunately, Defendant chose to ignore such complaints, failed to remedy the discrimination that occurred and instead retaliated against Plaintiff by subjecting him to further disparate treatment with regard to promotional opportunities, assignments and comments.

16. Mera subsequently filed a charge of discrimination with the EEOC in early 2019, alleging discrimination by Defendant based upon his race/color and national origin and retaliation in response to his complaints regarding same.

17. On or about December 11, 2020, while Plaintiff's charge was still being investigated by the EEOC, Defendant notified Mera that his employment was terminated as of the prior day.

18. Defendant falsely claimed that Mera had committed theft by improperly taking a garden hoe in October of 2020. Defendant's accusation was not supported by a legitimate or good faith investigation, falsely representing to Plaintiff that it had spoken with his entire team of co-workers at the pertinent work location.

19. The termination of Mera's employment represented further discrimination against the Plaintiff and was done in retaliation for his having engaged in legally protected activity, including his opposing the discrimination and having the EEOC investigate same.

20. The foregoing disparate treatment of Plaintiff by Defendant, its agents and servants had the purpose and/or effect of altering the terms, conditions, and privileges of Plaintiff's employment with Defendant.

21. Defendant acted with willful and reckless disregard for Plaintiff's legally protected rights in its discrimination of Plaintiff.

22. Defendant knew or should have known of the race discrimination to which Plaintiff was subjected.

23. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

24. Plaintiff has been required to retain undersigned counsel to represent him in this matter and has agreed to pay a reasonable fee for said service.

## COUNT I – NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF TITLE VII

25. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff belongs to a protected group (national origin).

27. Defendant's discrimination of Plaintiff violated Title VII by subjecting Plaintiff to discriminatory treatment which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

28. Plaintiff suffered tangible job detriment when, among other things, he was not promoted and ultimately terminated as a result of Defendant's pervasive discrimination based upon national origin.

29. Likewise, Defendant's management and ownership was well aware of the illegal and discriminatory work environment that Plaintiff had been forced to endure but chose to do nothing to remedy same and allowed it to persist.

30. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of Title VII;

B. Declare Defendant's conduct to be in violation of Title VII and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to him at the time of trial, front pay, compensatory

damages in an amount to be proved at trial, including emotional distress damages, punitive damages, and prejudgment interest thereon;

D. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees under Title VII; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FCRA

31. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

32. Plaintiff belongs to a protected group (national origin).

33. Defendant's discrimination of Plaintiff violated the FCRA by subjecting Plaintiff to discriminatory treatment which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

34. Plaintiff suffered tangible job detriment when, among other things, he was not promoted and ultimately terminated as a result of Defendant's pervasive discrimination based upon national origin.

35. Likewise, Defendant's management and ownership was well aware of the illegal and discriminatory work environment that Plaintiff had been forced to endure but chose to do nothing to remedy same and allowed it to persist.

36. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

B. Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to him at the time of trial, front pay, compensatory damages in an amount to be proved at trial, including emotional distress damages, punitive damages, and prejudgment interest thereon;

D. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees under the FCRA; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII

37. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

38. Plaintiff was in a protected group (national origin) at all times material to this action.

39. Defendant subjected Plaintiff to a pattern of national origin discrimination.

40. Plaintiff engaged in protected activity by opposing the above discrimination that Plaintiff was subjected to by Defendant.

41. Defendant retaliated against Plaintiff for his having voiced opposition to Defendant's discriminatory conduct, including terminating Plaintiff's employment.

42. Defendant violated Title VII by retaliating against Plaintiff for said opposition.

43. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of Title VII;

B. Declare Defendant's conduct to be in violation of Title VII and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to him at the time of trial, front pay, compensatory damages in an amount to be proved at trial, including emotional distress damages, punitive damages, and prejudgment interest thereon;

D. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees under Title VII; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT IV – RETALIATION IN VIOLATION OF THE FCRA

44. Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

45. Plaintiff was in a protected group (national origin) at all times material to this action.

46. Defendant subjected Plaintiff to a pattern of national origin discrimination.

47. Plaintiff engaged in protected activity by opposing the above discrimination that Plaintiff was subjected to by Defendant.

48. Defendant retaliated against Plaintiff for his having voiced opposition to Defendant's discriminatory conduct, including terminating Plaintiff's employment.

49. Defendant violated the FCRA by retaliating against Plaintiff for said opposition.

50. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

B. Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to him at the time of trial, front pay, compensatory damages in an amount to be proved at trial, including emotional distress damages, punitive damages, and prejudgment interest thereon;

D. Grant Plaintiff his costs (including expert fees) and an award of reasonable attorney's fees under the FCRA; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby exercises his right to have a jury trial for all issues triable as such under law.

Date: 6/2/22

                                         **TOBIN LAW GROUP, PL**

                                         /s/ *Bradley A. Tobin*
                                         Bradley A. Tobin
                                         Florida Bar No. 0101818
                                         btobin@tobinlawgroup.com
                                         Westchase Commons
                                         13043 West Linebaugh Ave.
                                         Tampa, Florida 33626
                                         Tel: (813) 452-6199
                                         Fax (813) 830-7200
                                         Attorney(s) for Plaintiff.